UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DSS Technology Management, Inc.** § § § | | |
| Plaintiff, § | Civil Action No. | |
| v. § § | Jury Trial Demanded | |
| **Taiwan Semiconductor Manufacturing Company, Limited; TSMC North America; TSMC Development, Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America L.L.C.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor LLC; NEC Corporation of America;** § § § § § § § § § § § § § | | |
| **Defendants.** § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DSS Technology Management, Inc., files this Original Complaint for patent infringement under 35 U.S.C. § 271 and alleges as follows:

### THE PARTIES

1. Plaintiff DSS Technology Management, Inc. (Plaintiff or "DSS") is a corporation certified and authorized to transact business in Texas. It maintains offices in Tyler, Texas where its employees are engaged in marketing and engineering efforts directed toward monetizing the intellectual property discussed herein.

2. Defendant Taiwan Semiconductor Manufacturing Company, Limited. ("Taiwan Semiconductor") is a Taiwan corporation with its principal place of business and home office at

No. 8, Li-Hsin Rd. VI, Hsinchu Science Park, Hsinchu, Taiwan 300, R.O.C. Taiwan Semiconductor is doing business and infringing Plaintiff's patent in the Eastern District of Texas, elsewhere in Texas, and the United States. Taiwan Semiconductor may be served through the Texas Secretary of State.

3. Defendant TSMC North America ("TSMC NA") is a corporation organized and existing under the laws of the State of California with its principal place of business at 2585 Junction Avenue, San Jose, CA 95134. TSMC NA may be served through its registered agent Steven A. Schulman, located at 2585 Junction Ave., San Jose, California 95134. Upon information and belief, TSMC is a wholly owned subsidiary of Taiwan Semiconductor.

4. Defendant TSMC Development, Inc. ("TSMC Development") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5509 NW Parker Street, Camas, Washington 98607. TSMC Development may be served through its registered agent Corporation Service Company, located at 2711 Centerville Road, Suite 400; Wilmington, Delaware 19808. Upon information and belief, TSMC Development is a wholly owned subsidiary of Taiwan Semiconductor.

5. Taiwan Semiconductor, TSMC NA, and TSMC Development are collectively referred to as "TSMC."

6. TSMC is designing, marketing, making, using, selling, importing, and/or offering for sale semiconductor devices, including but not limited to semiconductors made via TSMC's 28 nanometer node processes, including but not limited to the Cyclone V SoCS and Snapdragon 600 and 800 processors ("TSMC Infringing Products"). TSMC is doing business in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, making, using, selling, importing, and/or offering for sale products that

when manufactured infringe the patent claims involved in this action or by transacting other business in this District.

7. Defendant NEC Corporation of America ("NEC") is a corporation formed under the laws of the state of Nevada with a principal place of business at 6535 State Highway 161, Irving, Texas 75039. NEC may be served through its registered agent National Registered Agents, Inc., located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8. NEC is designing, marketing, making, using, selling, importing, and/or offering for sale semiconductor devices, including but not limited to semiconductors made via TSMC's 28 nanometer node processes, including but not limited to one or more of TSMC's Infringing Products, such as the Cyclone V SoCS. NEC is doing business in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, making, using, selling, importing, and/or offering for sale products that when manufactured infringe the patent claims involved in this action or by transacting other business in this District.

9. Defendant Samsung Electronics Co., Ltd. ("Samsung") is a company organized and existing under the laws of the country of Korea, with its principal place of business and home office at San #24 Nongseo-Dong Giheung-Gu Yongin-city, Gyeonggi-Do, Korea 446-711. Samsung is doing business and infringing DSS's patent in the Eastern District of Texas, elsewhere in Texas, and the United States. Samsung may be served through the Texas Secretary of State.

10. Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA may be served through its registered agent CT Corporation System, located at 1999 Bryan Street. Suite 900,

Dallas, Texas 75201.  Upon information and belief, SEA is a wholly owned subsidiary of Samsung.

11. Defendant Samsung Telecommunications America L.L.C. ("STA"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.  STA can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Upon information and belief, STA is a wholly owned subsidiary of SEA.

12. Samsung Semiconductor, Inc., ("SSI") is a corporation organized and existing under the laws of the state of California, and maintains its principal place of business at 3655 N. First St. San Jose, CA 95134.  SSI may be served with process through its registered agent National Registered Agents, Inc., located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Upon information and belief, SSI is a wholly owned subsidiary of SEA.

13. Samsung Austin Semiconductor LLC ("SAS") is a limited liability company organized and existing under the laws of the state of Delaware, and maintains its principal place of business at 12100 Samsung Blvd #110, Austin, TX 78754.  SAS may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Upon information and belief, SAS is a wholly owned subsidiary of SSI, which itself is a wholly owned subsidiary of SEA.

14. Defendants Samsung, SEA, STA, SSI, and SAS are collectively referred to as "Samsung."  Further, TSMC, Samsung, and NEC are collectively referred to as "Defendants."

15. Samsung is designing, marketing, making, using, selling, importing, and/or offering for sale semiconductor devices, including but not limited to semiconductors made via

Samsung's 28 nanometer node processes, including but not limited to the Exynos 5140 processor ("Samsung Infringing Products"). Samsung is doing business in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, making, using, selling, importing, and/or offering for sale products that when manufactured infringe the patent claims involved in this action or by transacting other business in this District.

16. The TSMC Infringing Products and Samsung Infringing Products are collectively referred to as "Infringing Products."

## JURISDICTION AND VENUE

17. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b). Furthermore, venue is proper because Defendants conducts business within this District and/or solicit and establish relationships with entities within this District, which include the making, importation, sell, and/or offering for sale of Infringing Products as discussed below. Each act of Defendants' directly or indirectly infringing conduct in this District gives rise to proper venue.

19. This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Texas. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products containing semiconductors that infringe the patent claims involved in this action. Such conduct occurs in the United States, the State of Texas, and the Eastern District of Texas. Defendants have purposefully and voluntarily placed one or more of their semiconductor

products into the stream of commerce with the expectation that it will be purchased by consumers in the United States, the State of Texas, and the Eastern District of Texas. The Infringing Products have been and continue to be imported into and purchased by consumers in the Eastern District of Texas. Defendants have committed the tort of patent infringement within the United States, the State of Texas and, more particularly, within the Eastern District of Texas.

20. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district, the State of Texas, and elsewhere in the United States.

21. STA's principal place of business is within the Eastern District of Texas.

22. DSS maintains offices in the Eastern District of Texas, wherein employees are engaged in marketing and engineering efforts directed toward monetizing intellectual property.

## GENERAL ALLEGATIONS

23. On July 29, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,652,084 ("the '084 Patent"), entitled "Method for Reduced Pitch Lithography," to James M. Cleeves. A true and correct copy of the '084 Patent is attached hereto as Exhibit A.

24. Plaintiff is the owner by assignment of the '084 Patent and owns all rights, title, and interest in and to the '084 Patent, including all rights to sue and recover for past and future infringement.

25. TSMC has infringed and continues to infringe, directly, and/or through the inducement of others, the claimed methods of the '084 Patent by making, using, importing, exporting, selling, and/or offering for sale the TSMC Infringing Products.

26. Plaintiff has been damaged as a result of TMSC's infringing conduct. TMSC is, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for TSMC's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27. TSMC, directly or through intermediaries, is liable for infringing one or more claims of the '084 Patent.

28. NEC has infringed and continues to infringe, directly, and/or through the inducement of others, the claimed methods of the '084 Patent by making, using, importing, exporting, selling, and/or offering for sale one or more of the TSMC Infringing Products.

29. Plaintiff has been damaged as a result of NEC's infringing conduct. NEC is, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for NEC's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. NEC, directly or through intermediaries, is liable for infringing one or more claims of the '084 Patent.

31. Samsung has infringed and continues to infringe, directly, and/or through the inducement of others, the claimed methods of the '084 Patent by making, using, importing, exporting, selling, and/or offering for sale the Samsung Infringing Products and one or more of the TSMC Infringing Products.

32. Plaintiff has been damaged as a result of Samsung's infringing conduct. Samsung is, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for Samsung's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Samsung, directly or through intermediaries, is liable for infringing one or more claims of the '084 Patent.

34. Each Defendant has failed to obtain permission from DSS to make, use, offer to sell, sell, or import products made by the methods claimed in the '084 Patent.

### TSMC's Infringement of the '084 Patent

35. TSMC has been and is now directly infringing the '084 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the TSMC Infringing Products, or consumer products that contain TSMC Infringing Products, that are manufactured using the processes embodied in one or more claims of the '084 Patent. TSMC also has been and now is inducing others, such as manufacturers and/or retailers of products incorporating TSMC's infringing semiconductors, to directly infringe one or more claims of the '084 Patent by using, selling, offering for sale, or importing products made by processes embodied in one or more claims of the '084 Patent.

36. TSMC's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, TSMC will continue to infringe the '084 Patent.

37. TSMC directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '084 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the TSMC Infringing Products. For example only and not as a limitation, Plaintiff contends that the manufacturing process of the TSMC Infringing Products infringes at least claim 1 of the '084 Patent as well as other claims, because the TSMC Infringing Products are made by the lithography processes disclosed therein. TSMC's

infringing activities include importing, offering for sale, and selling the TSMC Infringing Products in the United States. TSMC also infringes the '084 Patent by selling and offering to sell the TSMC Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. TSMC's infringement of the '084 Patent has caused substantial damage to DSS. TSMC's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

38. TSMC directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '084 Patent. TSMC's deliberate actions include, but are not limited to, actively marketing to, encouraging use by, and instructing consumers, businesses, distributors, resellers, sales representatives, to use, promote, market, distribute, and/or sell the TSMC Infringing Products. TSMC aided, instructed, or otherwise acted with the intent to cause acts by consumers, businesses, distributors, resellers, and sales representatives that would cause direct infringement of the '084 Patent.  At least as to the time of this filing, TSMC knew of the '084 Patent, and TSMC knows, or at least should know, that TSMC's actions would result in infringement of the '084 Patent.  These actions, individually and collectively, have induced and continue to induce the direct infringement of the '084 Patent by consumers, businesses, distributors, resellers, and sales representatives. TSMC's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

### NEC's Infringement of the '084 Patent

39. NEC has been and is now directly infringing the '084 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting one or more of the TSMC Infringing Products, or consumer products that contain one or more of the TSMC

Infringing Products, such as the Cylcone V SoCS, that are manufactured using the processes embodied in one or more claims of the '084 Patent.  NEC also has been and now is inducing others, such as end users of products incorporating TSMC's infringing semiconductors, to directly infringe one or more claims of the '084 Patent by using, selling, offering for sale, or importing products made by processes embodied one or more claims of the '084 Patent.

40. NEC's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, NEC will continue to infringe the '084 Patent.

41. NEC directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '084 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing one or more of TSMC Infringing Products. For example only and not as a limitation, Plaintiff contends that the manufacturing process of the TSMC Infringing Products infringes at least claim 1 of the '084 Patent as well as other claims, because the TSMC Infringing Products are made by the lithography processes disclosed therein. NEC's infringing activities include importing, offering for sale, and selling one or more of the TSMC Infringing Products, such as the Cyclone V SoCS, in the United States. NEC also infringes the '084 Patent by selling and offering to sell one or more of the TSMC Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. NEC's infringement of the '084 Patent has caused substantial damage to DSS. NEC's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

### Samsung's Infringement of the '084 Patent

42. Samsung has been and is now directly infringing the '084 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Samsung Infringing Products, or consumer products that contain Samsung Infringing Products, that are manufactured using the processes embodied in one or more claims of the '084 Patent. Samsung also has been and now is inducing others, such as end users of products incorporating Samsung's infringing semiconductors, to directly infringe one or more claims of the '084 Patent by using, selling, offering for sale, or importing products made by processes embodied one or more claims of the '084 Patent.

43. Samsung's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Samsung will continue to infringe the '084 Patent.

44. Samsung directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '084 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Samsung Infringing Products. For example only and not as a limitation, Plaintiff contends that the manufacturing process of the Samsung Infringing Products infringes at least claim 1 of the '084 Patent as well as other claims, because the Samsung Infringing Products are made by the lithography processes disclosed therein. Samsung's infringing activities include importing, offering for sale, and selling the Samsung Infringing Products in the United States. Samsung also infringes the '084 Patent by selling and offering to sell the Samsung Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers.

Samsung's infringement of the '084 Patent has caused substantial damage to DSS. Samsung's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

45. Samsung directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '084 Patent. Samsung's deliberate actions include, but are not limited to, actively marketing to, encouraging use by, and instructing consumers, businesses, distributors, resellers, sales representatives, to use, promote, market, distribute, and/or sell the Samsung Infringing Products. Samsung aided, instructed, or otherwise acted with the intent to cause acts by consumers, businesses, distributors, resellers, and sales representatives that would cause direct infringement of the '084 Patent.  At least as to the time of this filing, Samsung knew of the '084 Patent, and Samsung knows, or at least should know, that Samsung's actions would result in infringement of the '084 Patent. These actions, individually and collectively, have induced and continue to induce the direct infringement of the '084 Patent by consumers, businesses, distributors, resellers, sales representatives. Samsung's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

46. Samsung directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '084 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing one or more of the TSMC Infringing Products. For example only and not as a limitation, Plaintiff contends that Samsung has incorporated one or more of TSMC Infringing Products, such as the Snapdragon 800, into Samsung's products, including but not limited to the Galaxy Note 3. Samsung's infringing activities violate 35 U.S.C. § 271, including at least subsection (g).

## DEMAND FOR A JURY TRIAL

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff requests the following relief:

49. A judgment that Defendants have directly infringed the patents-in-suit, and/or induced the infringement of the patents-in-suit;

50. A preliminary and permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, and/or inducing the infringement of the patents-in-suit;

51. A judgment that Defendants' infringement of the patents-in-suit has been willful;

52. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

53. A judgment and order requiring Defendants to pay Plaintiffs damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

54. A judgment and order requiring Defendants to pay Plaintiffs the costs of this action (including all disbursements);

55. A judgment and order requiring Defendants to pay Plaintiffs pre-judgment and post-judgment interest on the damages award;

56. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiffs be awarded a compulsory ongoing licensing fee; and

57. Such other and further relief as the Court may deem just and proper.

Dated: March 10, 2014

Respectfully submitted,

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**William E. "Bo" Davis, III**
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
222 N. Fredonia St.
Longview, Texas 75601

        Telephone: 903-230-9090
        Telecopier: 903-230-9661
        Email: bdavis@bdavisfirm.com

        **ATTORNEYS FOR PLAINTIFF DSS TECHNOLOGY MANAGEMENT INC.**