UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC. | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 2:14cv199 |
| | § | |
| v. | § | |
| | § | |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED; et al | § | |

**AGREED PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties hereby stipulate and request the Court enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 Sensitive Technical Information: Protected Material identified as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" that will be made available only for inspection according to the procedures set forth in Section 7.4. Documents or electronically stored information ("ESI") may be designated as Sensitive Technical Information to the extent the documents or ESI are distributed internally on a "need-to-know" basis because they represent Defendants' critically sensitive trade secret intellectual property, the disclosure of which reasonably could be expected to cause exceptionally severe damage to the Producing Party. The Producing Party shall use its best efforts to ensure that Information or Items designated as Sensitive Technical Information are appropriately designated as such. Sensitive Technical Information includes the following documents or ESI: recipes, process flows, operating instructions, design rules, technology control plans, engineering change notices, and the like, and, if produced, layout files (which may include GDS and GDSII files) and spice models of accused products or processes.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) published advertising materials; and (d) any information that the Receiving Party can show was already publicly known prior to the disclosure. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the earlier of (1) dismissal of all claims and defenses against a Designating Party, with or without prejudice; and (2) final judgment herein on all claims and defenses asserted against a Designating Party after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Final disposition shall be determined independently for each Party to this action.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the document. For documents produced in native format (e.g., spreadsheets), the Producing Party may instead notify the Receiving Party whether the document is to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After

the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(c) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. A Party or non-party seeking to designate testimony under this Order may also, up to 30 days following receipt of the transcript from the court reporter, designate the testimony as protected and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed on the

record. After the expiration of that period, the transcript shall be treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Transcripts containing Protected Material shall have an obvious legend on each page that the transcript contains Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(e) For information or items produced by other Parties or non-parties (e.g., documents obtained by third-party subpoenas), that a Party wishes to designate under this Order, the Party may, up to 30 days following receipt of such information or items (during which period, the information or items must be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"), notify all other Parties in writing of the designation, describing the information or items at issue (e.g., by bates number) and the level of protection claimed with respect to such information or items; all other Parties shall then apply the appropriate legend to the information or items in accordance with the preceding paragraphs, depending on the type of information or item.

5.3 Inadvertent Failures to Designate. A Designating Party that inadvertently fails to mark information or items as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL -ATTORNEYS' EYES ONLY" at the time of production shall be allowed to correct such failure at any time. In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied, as necessary, by appropriately marked substitute copies of such information or items. Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked information or items are treated as Protected Material in accordance with the provisions of this Order, including retrieving and returning or destroying all previously unmarked copies of the information or items received or made by the Receiving Party.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. A Challenging Party shall state with specificity the designations it is challenging. Bulk challenges to designations shall not be permitted. The parties shall attempt to resolve each challenge in good faith and must begin the process

by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Designating Party must explain the basis for its belief that the confidentiality designation was proper. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories

of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, employees, and House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). A separate

"Acknowledgement and Agreement to be Bound" shall not be required for staff members working under the supervision of an Expert signing said Agreement. An Expert signing an "Acknowledgement and Agreement to be Bound," however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order;

(d) The court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, videographers, independent legal translators/interpreters, litigation graphics and design service professionals, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The author, signatory, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as demonstrated by the CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as permitted by the Court. This paragraph 7.2(f) shall not prevent counsel from

examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION, including disclosing the CONFIDENTIAL INFORMATION to the witness for the limited purpose of refreshing that witness's recollection. If questioning reveals that the witness did not author, receive, possess or know the CONFIDENTIAL INFORMATION, the examining party shall withdraw the information and cease further questioning on the CONFIDENTIAL INFORMATION. Notwithstanding the foregoing, a Receiving Party may disclose a Producing Party's own CONFIDENTIAL INFORMATION to a current employee of the Producing Party at a deposition, hearing, or trial.

(g) Any mediator who is assigned to hear this matter, and his or her staff, subject to their signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items other than Sensitive Technical Information described in paragraph 7.4.

(a) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(i) The Receiving Party's Outside Counsel of Record in this action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(ii) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed. A separate "Acknowledgement and Agreement to be Bound" shall not be required for staff members working under the supervision of an Expert signing said Agreement. An Expert signing an "Acknowledgement and Agreement to be Bound," however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order;

(iii) The court and its personnel;

(iv) Court reporters and their staff, videographers, independent legal translators/interpreters, litigation graphics and design service professionals, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(v) The author, signatory, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as demonstrated by the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as

permitted by the Court. This paragraph 7.3(b)(v) shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information, including disclosing the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the witness for the limited purpose of refreshing that witness's recollection. If questioning reveals that the witness did not author, receive, possess or know the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information, the examining party shall withdraw the information and cease further questioning on the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information. Notwithstanding the foregoing, a Receiving Party may disclose a Producing Party's own HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to a current employee of the Producing Party at a deposition, hearing, or trial.

(vi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 Access to and disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents that are Sensitive Technical Information. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may access or disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY Sensitive Technical Information," as follows:

(a) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(i) The Receiving Party's Outside Counsel of Record in this action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(ii) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(iii) The court and its personnel;

(iv) Court reporters and their staff, videographers, independent legal translators/interpreters, litigation graphics and design service professionals, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(v) The author, signatory, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as demonstrated by the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as permitted by the Court. This paragraph 7.3(b)(v) shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information including disclosing the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the witness for the limited purpose of refreshing that witness's recollection. If questioning reveals that the witness did not author, receive, possess or know the

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information, the examining party shall withdraw the information and cease further questioning on the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information. Notwithstanding the foregoing, a Receiving Party may disclose a Producing Party's own HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to a current employee of the Producing Party at a deposition, hearing, or trial.

(vi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(b) Any Sensitive Technical Information produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Producing Party will use its best efforts to produce Sensitive Technical Information at the office of the Producing Party's counsel in the continental United States. It may not be practical to do so, for example, because of particular hardware platform or software license requirements. Should the Producing Party seek to produce or require inspection of Sensitive Technical Information outside the continental United States, the Parties shall meet-and-confer to determine if such production or inspection is appropriate according to

Paragraphs 6.2 and 6.3 where the Producing Party is the Designating Party and the Receiving Party is the Challenging Party. The Sensitive Technical Information shall be made available for inspection on two secured computers in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Information onto any recordable media or recordable device. A non-lawyer associated with a Producing Party may visually monitor the activities of the Receiving Party's representatives during any review of Sensitive Technical Information, but only to ensure that there is no unauthorized recording, copying or transmission of the Sensitive Technical Information. No Counsel for the Producing Party may visually monitor the activities of the Receiving Party's representatives during any review of Sensitive Technical Information.

The Receiving Party may request paper copies of limited portions of Sensitive Technical Information that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, for deposition or trial, or as is otherwise reasonably necessary for preparation of the case, but shall not request paper copies

for the purposes of reviewing in the first instance the Sensitive Technical Information other than electronically as set forth herein. The Producing Party shall provide all such requested paper copies of limited portions of Sensitive Technical Information in paper form including bates numbers and the label “HIGHLY CONFIDENTIAL -ATTORNEYS’ EYES ONLY – Sensitive Technical Information.” At the secure location, the Producing Party shall provide (i) a color laser printer with commercially-reasonable printing speeds for on-site printing; and (ii) watermarked, pre-numbered paper upon which any paper copies of sections of the produced process flows or other Sensitive Technical Information are to be printed. Paper copies shall be printed on the watermarked, pre-numbered pages provided by the Producing Party. To the extent that paper copies are made, the Requesting Party must provide the original printed copies to the Producing Party on the day they are printed before leaving the secure location. The Producing Party shall make a second copy and provide it to the reviewer(s) for the Requesting Party to take with him or her. The Producing Party shall maintain the original printed copy. A Requesting Party that receives a paper copy of Sensitive Technical Information shall not

make any further paper copies of those pages without written permission from the Producing Party and shall not make electronic copies or images of those pages. Notwithstanding the foregoing sentence, attorneys may make further copies as necessary for use at hearings and trial, and in expert reports, pleadings, court filings, and other papers, and at depositions. When making additional copies, counsel shall ensure that no images are retained on the copying equipment after the copies have been made. Any additional copies shall be afforded the same protections as the initial paper copies.

(c) The Producing Party may challenge the amount of Sensitive Technical Information requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution except that the Producing Party will bear the burden of persuasion.

(d) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Sensitive Technical Information in electronic or paper form. The Receiving Party shall maintain all paper copies of any

printed portions of the Sensitive Technical Information in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and, except as permitted above in Section 7.4(c), shall not convert any of the information contained in the paper copies into any electronic format without first seeking written permission from, and discussing proper procedures with, the Producing Party. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition including the exhibit copy shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual. To the extent the court reporter requires additional time with any paper copies of Sensitive Technical Information after the conclusion of the deposition, the Producing Party will be responsible for remaining with the court reporter and will bear reasonable costs and expenses for the court reporter's time after the conclusion of the deposition.

7.5 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to paragraphs 7.3 and 7.4 must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services relating to litigation or to semiconductor devices, at any time during the preceding five years,[3] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party opposing the disclosure to the Expert may file a motion seeking protection from the court to prevent disclosure. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert should be prevented, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used

[4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter, by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6 Disclosures to Mock Jurors.

(a) A Party may disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as Sensitive Technical Information. A Party may, however, disclose to mock jurors arguments and materials prepared by its Outside Counsel of Record that

are derived from such Sensitive Technical Information, so long as the derivative materials do not include the as-produced information itself.

(b) Before hearing arguments or reviewing materials that were derived from Protected Material, each mock juror must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.7 Filing Protected Materials. Pursuant to LR CV-5 (7)(A), documents containing Protected Material are authorized to be filed under seal. To the extent the Parties file any document containing Protected Material, the Parties shall file such documents under seal.

7.8 Disclosure of Sensitive Technical Information between Defendants. The parties recognize that the Defendants may be direct competitors. The Defendants agree that DSS Technology Management, Inc. is not obligated to disclose or produce a Party's Sensitive Technical Information in response to any other Party's discovery request, and each Party agrees that it will not seek discovery of such Information or Items from DSS Technology Management, Inc.

The Defendants agree that they are not required to disclose their own Protected Materials to another Defendant Party and that responses to DSS's discovery requests containing Protected Materials will not need to be served on another Defendant Party. If a Defendant Party believes another Defendant's discovery responses are reasonably necessary to

defend itself, the Defendant Party will meet and confer with the Defendant whose discovery responses it seeks. If the Defendant Parties are unable to agree, the Defendant Party seeking disclosure may file and serve a motion seeking access to the Protected Material. In any such challenge, the burden of persuasion will be on the Defendant Party seeking access to another Defendant Party's Protected Material.

The following procedures for filing and service shall only apply to the disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – Sensitive Technical Information."

7.8.1 Filing documents containing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- Sensitive Technical Information.

(a) If a Party files a document containing Sensitive Technical Information of a Defendant Party, the filing Party will provide notice to the Defendants concurrent with the filing that the document contains Sensitive Technical Information. The notice will identify which Defendants' Sensitive Technical Information is contained in the filing.

(b) In the event the document contains only one Defendant's Sensitive Technical Information, it will be that Defendant's responsibility to prepare a redacted version of the document and serve on the other Defendants within 3 business days.

(c) In the event the document contains Sensitive Technical Information of multiple Defendants, the filing Party will prepare redacted versions for each Defendant which redact out any Sensitive Technical Information that another Defendant Party has designated. The filing Party will serve the redacted versions within one business day of filing the sealed document.

(d) If a Defendant Party believes an unredacted copy of the filing is reasonably necessary to defend itself, the Defendant Party shall meet and confer with the other Defendant Parties whose Sensitive Technical Information is included in the filing to determine whether the Defendant Parties agree to provide an unredacted copy to the other Defendant's outside counsel only. If the Defendants are unable to agree, the Defendant Party seeking access to the other Defendant Party's Sensitive Technical Information may file and serve a motion seeking access to the unredacted copy of the filing. In any such challenge, the burden of persuasion will be on the Defendant Party seeking access to another Defendant Party's Sensitive Technical Information. If a copy of the filing is served by a Defendant Party to one or more other Defendant Parties, DSS shall be notified by being copied on the service

correspondence and being provided with the copy of the filing.

(e) The Parties agree that the filing Party's service obligations will be met by filing the document through the Court's ECF system and serving the redacted copies (where necessary). Where the filing Party is a Defendant Party, nothing herein is intended to relieve the Defendant Party of serving an unredacted copy on Plaintiff by the original deadline for service. Each Defendant Party agrees that any prejudice it suffers by its inability to receive another Defendant's Sensitive Technical Information because of the restrictions of this Paragraph 7.8 will not be attributable to DSS.

7.8.2 Service of documents containing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - Sensitive Technical Information.

(a) If a Party serves a document containing Sensitive Technical Information of a Defendant Party that it is required to serve on all Parties pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Texas, the serving Party will serve the document as follows:

(b) In the event the document contains only one Defendant's Sensitive Technical Information, the serving Party will serve an unredacted copy on that Defendant. It will be that

Defendant's responsibility to prepare a redacted version of the document and serve it on the other Defendants within 3 business days.

(c) The Parties agree that the serving Party's service obligations will be met by serving the unredacted document on the Defendant Party whose Sensitive Technical Information was contained in the document. Each Defendant Party agrees that any prejudice it suffers by its inability to receive another Defendant's Sensitive Technical Information because of the restrictions of this Paragraph 7.8 will not be attributable to DSS.

(d) In the event the document contains Sensitive Technical Information of multiple Defendants, the serving Party will prepare redacted versions for each Defendant which redact out any Sensitive Technical Information that another Defendant Party has designated and serve it within one business day of the deadline to serve the original document.

(e) If a Defendant Party believes an unredacted copy of the service document is reasonably necessary to defend itself, the Defendant Party shall meet and confer with the other Defendant Parties whose Sensitive Technical Information is included in the document to determine whether the

Defendant Parties agree to allow service of an unredacted copy on the Defendants. If the Defendants are unable to agree, the Defendant Party seeking access to the other Defendant Party's Sensitive Technical Information may file and serve a motion seeking access to the unredacted copy of the document. In any such challenge, the burden of persuasion will be on the Defendant Party seeking access to another Defendant Party's Sensitive Technical Information. If a copy of the service document is served by a Defendant Party to one or more other Defendant Parties, DSS shall be notified by being copied on the service correspondence and being provided with the copy of the service document.

(f) The Parties agree that the serving Party's service obligations will be met by serving the redacted documents on the Defendant Parties whose Sensitive Technical Information was contained in the document. Where the serving Party is a Defendant Party, nothing herein is intended to relieve the Defendant Party of serving an unredacted copy on Plaintiff by the original deadline for service. Each Defendant Party agrees that any prejudice it suffers by its inability to receive another Defendant's Sensitive Technical Information because of the restrictions of this Paragraph 7.8 will not be attributable to DSS.

7.8.3 Depositions concerning HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

(a) Subject to the restrictions of Paragraphs 7.2, 7.3, and 7.4, a Party may use any document produced in this case at a deposition. In the event the Plaintiff seeks to examine a witness on a document containing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Sensitive Technical Information of a Defendant Party, it will be the obligation of that Defendant Party to seek to excuse the other Defendants from the portion of the examination relating to that Defendant Party's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Sensitive Technical Information. Defendants agree that they will not seek to remain at a deposition (or portion thereof) during the examination of a witness on another Defendants' HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Sensitive Technical Information unless it is reasonably necessary for the Defendant Party to defend its case.

(b) For purposes of this Paragraph 7.8.3, the Parties agree that DSS's obligations will be met by properly noticing a deposition and serving all Parties with such notice. Each Defendant Party agrees that any prejudice it suffers by its

inability to receive another Defendant's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Sensitive Technical Information or because of its having been excused from a deposition because of the restrictions of this Paragraph 7.8 will not be attributable to DSS.

7.9 Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

7.10 Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court. Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material

to the extent such Protected Material is also the Protected Material of any other party (e.g., settlement discussions and agreements containing confidentiality obligations), without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

**8. PROSECUTION BAR**

8.1 Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items shall not be involved in the prosecution of patents or patent applications relating to fabricating semiconductor devices and/or lithographic or etching aspects of fabricated semiconductor devices,[1] including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes any proceeding in which a party may directly or indirectly draft, amend, advise as to, or otherwise affect the scope of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, or post-grant proceeding) so long as the attorney who has received HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

[1] Should DSS seek discovery beyond the scope of fabricating semiconductor devices and/or the lithographic or etching aspects of fabricated semiconductor devices, Defendants reserve the right to seek modification of the scope of the prosecution bar.

Information does not participate directly or indirectly in drafting, amending, advising as to, or otherwise affecting the scope of patent claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information documents are first received by the affected individual and shall end for each such person one (1) year after the earlier of (i) the entry of a final non-appealable or non-appealed judgment in this action; or (ii) the complete settlement of this action.

8.2 The prohibition in Section 8.1 does not preclude an attorney or person associated with a Party that has received a Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information from participating in any post-grant patent proceedings before the United States Patent and Trademark Office, including for example reexamination, inter partes review, post-grant review, and/or the transitional program for covered business method patents, that is instituted by a party challenging the validity of any patent-in-suit. DSS Technology Management, Inc. stipulates that it will not seek to amend or add claims to U.S. Patent No. 5,652,084 in any *Inter Partes* Review or Post-Grant Review proceedings petitioned by a Party.

8.3 The provisions of Sections 8.1 and 8.2 relate to individuals, and do not run to an individual's entire firm or entity. In other words, an individual shall be subject to these provisions if such individual receives the information specified above. Other individuals in the same firm or entity, however,

who have not received such information and who have not discussed such information will not themselves be subject to the provisions of Section 8.1 and 8.2.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Agreed Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party' s confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject

to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party

disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. In the event that a Receiving Party discovers a potential inadvertent production of material potentially subject to a claim of privilege or other protection, that Receiving Party shall promptly notify the Producing Party in writing of same. The Parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

**13. FEDERAL RULE OF EVIDENCE 502(d) AND (e)**

The production of any discovery material by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney-work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the court, or any other federal or state proceeding.

**14. MISCELLANEOUS**

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to, use in evidence of any of the material covered by this Protective Order.

14.3 Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4 Filing Protected Material. Any Protected Material filed with the Court shall be filed under seal pursuant to the rules and procedures of the Court including Local Rule CV-5(a)(7). The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing a prominent legend above the caption and conspicuously on each page of the filing indicating that the filing contains Protected Material. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. The Parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a Party's "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," designation should be stricken.

**15. FINAL DISPOSITION**

Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**Signed this date.**

**Sep 30, 2014**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE