UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:14cv199-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED, et al., | § § § | |
| | § | |
| Defendants. | § | |

# SAMSUNG DEFENDANTS' PARTIALLY OPPOSED MOTION FOR ENTRY OF BILL OF COSTS

The Court having entered judgment in favor of Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America LLC, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor LLC (collectively, "Samsung") and against Plaintiff DSS Technology Management, Inc. ("DSS") (Dkt. No. 183), Samsung hereby moves the Clerk for the taxation of costs as set forth in the accompanying Bill of Costs. Pursuant to 28 U.S.C. § 1920, the detailed costs are set forth below.

I.  **BACKGROUND**

On May 13, 2015, the Court entered Final Judgment in favor of Samsung, and stated "Defendants are the prevailing party for purposes of recovering costs." Dkt. No. 183 at 2. On May 23, 2015, Samsung sent its Bill of Costs to counsel for DSS, in accordance with Local Rule CV-54(b)(1). Thereafter, counsel for Samsung and DSS met and conferred over the telephone in accordance with Local Rule CV-54(b)(2) to work towards an agreed Bill of Costs. During the meet-and-confer, counsel for DSS identified seven items in dispute. In order to accommodate for the necessary research and negotiation over these seven items, the parties agreed to extend the deadline by two weeks, from May 27, 2015 to June 10, 2015. Dkt. No. 189. On June 2, 2015, Samsung submitted via email a response to DSS with a proposal addressing the seven outstanding issues. The following day, DSS responded via email by re-opening issues thought to be resolved, and providing no response to Samsung's proposal addressing the seven issues originally raised. On June 8, 2015, the parties met and conferred over the telephone and DSS provided its final position on Samsung's costs. While the parties were able to reach agreement on some items, several items remain in dispute, including a new issue raised by DSS for the first time in its final offer.

Attached as Exhibit 1 is Samsung's Bill of Costs that includes an itemized list of allowable costs. In the motion below, Samsung has categorized these allowable costs as either items agreed to by DSS—the "unopposed" costs—and items still in dispute—the "opposed" costs. Also, attached as Exhibit 2 is a signed declaration of Samsung's attorney, declaring that these costs were necessarily incurred in this action and that the services for which costs have been incurred were actually and necessarily preformed. Attached to this declaration are true and accurate copies of invoices and other documentation substantiating Samsung's costs.

Case 2:14-cv-00199-RSP   Document 196   Filed 06/10/15   Page 3 of 10 PageID #: 5865

The parties being unable to reach an agreement, and Samsung being the prevailing party, Samsung hereby files this Request for Entry of Bill of Costs and respectfully requests the Court award Samsung **$35,918.65**.

## II.     APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). "A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs." Local Rule CV-54(a). Pursuant to 28 U.S.C. § 1920, the costs recoverable by Samsung in this matter include:

(A) Fees for printed or electronically recorded transcripts necessarily obtained for use in this case,

(B) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and

(C) Compensation of court appointed experts.

In patent cases, regional circuit law governs the taxation of costs and related issues. *See Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1356 (Fed. Cir. 2009). A district court has broad discretion in awarding costs, but the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987); *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005); *Versata Software, Inc. v. SAP Am., Inc.*, 2011 WL 4436283, at *1 (E.D. Tex. Sept. 23, 2011). "Absent a timely objection, costs taxed by the clerk are presumed necessary to the case." *See Rundus v. City of Dallas*, 2009 WL 3614519, at *1 (N.D. Tex. Nov. 2, 2009). Samsung is entitled to recover costs because, as stated in the Court's Final Judgment, "Defendants are the prevailing party for purposes of recovering costs." Dkt. No. 183 at 2.

3

## III. SAMSUNG IS ENTITLED TO RECOVER UNOPPOSED COSTS

The Court should award costs to which the losing party does not object. *See Finisar Corp. v. DirecTV Grp., Inc.*, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006). DSS does not oppose to the costs set forth below in Tables 1, 2, and 3. Accordingly, Samsung requests **$23,077.57** be automatically taxed against DSS. *See* Ex. 2 at 2, Attachments 2-4.

**Table 1:** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

| Witness | Vendor | Invoice No. | Invoice Date | Amount |
|---|---|---|---|---|
| Chris Mack | Hanna & Hanna | 9203 | 1/21/2015 | $ 647.00 |
| Terrence Hunter | Hanna & Hanna | 9234 | 1/28/2015 | $ 500.15 |
| Ben Eynon | Hanna & Hanna | 9436 | 3/18/2015 | $ 648.90 |
| John Kalkman | Hanna & Hanna | 9524 | 4/2/2015 | $ 658.50 |
| Justin Smith | Hanna & Hanna | 9585 | 4/14/2015 | $ 554.25 |
| Kevin Smith | Hanna & Hanna | 9582 | 4/14/2015 | $ 266.90 |
| James Cleeves | TSG Reporting | 040215-435301 | 4/24/2015 | $ 550.90 |
| | | | Total | $ 3,826.60 |

**Table 2:** Unopposed Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

| Invoice Date | Vendor | Invoice No. | Service | Amount |
|---|---|---|---|---|
| 7/4/2014 | TranslateMedia | TX2657 | Certified translation of Japanese Patent JP1158734 ("Yonehara") | $ 1122.13 |
| 1/31/2015 | UBIC | INV15-01-026UNA | TIFF file conversion | $ 365.33 |
| 2/28/2015 | UBIC | INV15-02-022UNA | TIFF file conversion | $ 11,893.42 |
| 3/31/2015 | UBIC | INV15-03-022UNA | TIFF file conversion | $ 219.31 |
| 4/30/2015 | UBIC | INV15-04-020UNA | TIFF file conversion | $ 1,107.33 |
| | | | Total | $ 14,707.52 |

4

Table 3: Compensation of the court appointed experts

| Appointed Expert | Date | Amount | |
|---|---|---|---|
| Richard Egan | 3/31/2015 | $ | 4,543.45 |
| | Total | $ | **4,543.45** |

## IV. SAMSUNG IS ENTITLED TO RECOVER OPPOSED COSTS

DSS has indicated it opposes the following costs sought by Samsung:

Table 4: Opposed Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

| Invoice Date | Vendor | Invoice No. | Service | Amount | |
|---|---|---|---|---|---|
| 7/4/2014 | TranslateMedia | TX2657 | Certified translation of Japanese Patents JP63170917 and JPA_1993 136033 | $ | 3,139.53 |
| 11/1/2014 | Williams Lea | I-14110287 | Document production - digital bates numbering | $ | 30.24 |
| 1/9/2015 | Barnes & Roberts LLC | 4601 | Samsung share of technology tutorial | $ | 769.11 |
| 1/16/2015 | Barnes & Roberts LLC | 4612 | Samsung share of technology tutorial | $ | 1,335.53 |
| 1/26/2015 | Barnes & Roberts LLC | 4628 | Samsung share of technology tutorial | $ | 3,416.36 |
| 1/30/2015 | Barnes & Roberts LLC | 4634 | Samsung share of technology tutorial | $ | 109.24 |
| 1/30/2015 | Barnes & Roberts LLC | 4641 | Samsung Share of technology tutorial | $ | 106.86 |
| 1/31/2015 | UBIC | INV15-01-026UNA | Document Production – digital bates numbering | $ | 104.38 |
| 2/6/2015 | Barnes & | 4651 | Samsung share | $ | 52.67 |

5

| Invoice Date | Vendor | Invoice No. | Service | Amount |
|---|---|---|---|---|
| | Roberts LLC | | of technology tutorial | |
| 2/28/2015 | UBIC | INV15-02-022UNA | Document Production – digital bates numbering | $ 3,398.12 |
| 3/31/2015 | UBIC | INV15-03-022UNA | Document Production – digital bates numbering | $ 62.66 |
| 4/30/2015 | UBIC | INV15-04-020UNA | Document Production – digital bates numbering | $ 316.38 |
| | | | **Total** | **$ 12,841.08** |

All of the above itemized costs are properly taxable under § 1920. Therefore, an additional **$12,841.08** should also be taxed against DSS. Samsung seeks to recover only three categories of costs related to the exemplification and making of copies: (1) the costs of translating prior art relevant to its obviousness defense, (2) Samsung's share of the costs incurred in preparing the Defendants'[1] technical tutorial for the Court, and (3) the costs of production mandated by the e-Discovery Order. All three cost categories are properly recoverable under Fifth Circuit precedent.

### A. Samsung should be awarded the costs of translating prior art

Samsung should be allowed to recover the costs of translating two Japanese patents which were relevant prior art to the patent-in-suit. Costs of translations are taxable under § 1920(4) where they were necessarily obtained for use in the case. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) ("The proper standard for the award of

---

[1] Samsung split the costs of Defendants' technical tutorial with Taiwan Semiconductor Manufacturing Company, Ltd., TSMC North America, Inc. (collectively, "TSMC") and NEC Corporation of America ("NEC"). The costs were split evenly between Samsung, TSMC, and NEC. *See* Ex. 2 at 2, Attachment 3.

6

translation costs should also be whether they were necessarily incurred."). Further, in the 5th Circuit, translation costs are necessarily incurred when they are relevant to a material issue. *See Zapata Gulf Marine Corp. v. Puerto Rico Mar. Shipping Auth.*, 133 F.R.D. 481, 485 (E.D. La. 1990) (finding translations of Board meeting minutes taxable because "the minutes were relevant to a material issue in the case."). The two Japanese patents translated by TranslateMedia—Oto (JP63170917) and Yoshimura (JP1993136033)—were prior art that Samsung identified in its Patent Local Rule 3-3 Invalidity Contentions. Samsung's Invalidity Contentions identify both Oto and Yoshimura as relevant to Samsung's obviousness defenses under 35 U.S.C. § 103 and to the state of the art of lithography. Samsung's Invalidity Contentions alleged that there was motivation to combine these references, among others, with the references that it charted. Because these two patents were relevant to the validity of the patent-in-suit, their translations were necessarily incurred, and that cost is appropriately recoverable. Further, even though Samsung prevailed prior to the Court resolving the issue of validity, the translation costs are nevertheless recoverable because whether a cost is "reasonably necessary" is evaluated in light of the facts known to counsel at the time the cost was incurred. *See generally Structural Metals, Inc. v. S & C Elec. Co.*, 2013 WL 3790450, at *3 (W.D. Tex. July 19, 2013) (discussing the standard for "reasonably necessary" in the context of recovering costs for deposition transcripts under §1920) (citing *Copper Liquor v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir.1982)). As of the time these translation costs were incurred (July 2014), the question of the patent-in-suit's validity was material. Therefore, Samsung should recover all of the translation costs incurred. *See* Ex. 2 at 2, Attachment 3.

  **B.**  **Samsung should be awarded its share of the Defendants' technology tutorial**

DSS should be taxed for Samsung's share of the cost of preparing a technical tutorial for the Court. Fees for exemplification, including the costs of preparing technology tutorials, are taxable under § 1920(4) when the court gives pre-trial approval of the costs, either explicitly or implicitly. *See Fast Memory Erase, LLC v. Spansion, Inc.*, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) (finding technical tutorials taxable where court invited parties to submit tutorials and relied on them in claim construction, finding this "tantamount to pretrial approval"). The Court entered the Docket Control Order (Dkt. 72), which specifically allowed for filing technical tutorials. Moreover, in response to the parties' agreed motion to extend the deadline for filing the technical tutorials, the Court subsequently ordered their submission. Dkt. 115. This is at least "tantamount to pretrial approval." Further, both parties used the tutorials in connection with claim construction briefing and argument. Accordingly, Samsung should be allowed to recover the costs incurred by Samsung in preparing Defendants' technology tutorial. *See* Ex. 2 at 2, Attachment 3.

### C. Samsung should be awarded the costs mandated for document production

DSS should be taxed for the costs of providing unique production numbers as required for document production in this case. Copying costs are recoverable when they are necessarily incurred for use in the litigation. *See* 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Costs of making copies include the costs of affixing unique production numbers on documents when required by court order. *See MacroSolve, Inc. v. Antenna Software, Inc., et al,* 6:11-cv-00287 (E.D. Tex. Oct. 16, 2014) (granting recovery for bates stamping as taxable where required by the court's electronic discovery order); *see generally Stearns Airport Equip. Co., v. FMC Corp.,* 170 F.3d 518, 536 (5th Cir. 1999) (recognizing recovery for costs necessary to produce a copy of documents to the opposing party).

Here, the Court's e-Discovery Order required the parties to mark documents with unique production numbers. *See* Dkt. No. 74 at 2. Accordingly, Samsung should be allowed to recover the costs incurred in providing unique production numbers. *See* Ex. 2 at 2, Attachment 3.

## V.     CONCLUSION

As set forth above, Samsung respectfully requests the Court award Samsung both opposed and unopposed costs in the amount of **$35,918.65** as summarized below.

| | | |
|---|---|---|
| Unopposed Costs | $ | 23,077.57 |
| Opposed Costs | $ | 12,841.08 |
| **Total** | **$** | **35,918.65** |

Dated: June 10, 2015

Respectfully Submitted,

*/s/ Allen F. Gardner*

Michael E. Jones
Texas State Bar No. 10929400
Allen F. Gardner
Texas State Bar No. 24043679
POTTER MINTON PC
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

Jared Bobrow
J. Jason Lang
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100
jared.bobrow@weil.com
jason.lang@weil.com

Christopher T. Marando
Zachary C. Garthe
WEIL, GOTSHAL & MANGES LLP

1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Phone: (202) 682-7000
Fax: (202) 857-0940
christopher.marando@weil.com
zachary.garthe@weil.com

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor LLC*

**CERTIFICATE OF CONFERENCE**

This is to certify that the parties conferred regarding the subject matter of this motion, as required by Local Rule CV-7(h) and Judge Gilstrap's September 2, 2014 Standing Order Regarding Bills of Cost. The meet and confer was conducted over the telephone on June 8, 2015 between counsel for Samsung (Chris Marando and Zac Garthe) and counsel for DSS (Winn Cutler). The parties were unable to reach full agreement on June 8, 2015 and DSS opposes some of this request for Entry of Bill of Costs. This motion identifies the areas of agreement and disagreement between the parties.

/s/ *Allen F. Gardner*
Allen F. Gardner

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record for Plaintiff DSS Technology Management, Inc. who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to the Local Rule CV-5(a) on June 10, 2015.

/s/ *Allen F. Gardner*
Allen F. Gardner