IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DSS TECHNOLOGY MANAGEMENT INC., | § § § § § | |
| Plaintiff, | § | |
| v. | § § § | Case No. 2:14-CV-00199-RSP |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD., TSMC NORTH AMERICA, TSMC DEVELOPMENT, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA L.L.C., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR LLC, NEC CORPORATION OF AMERICA, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court upon the parties joint request (Dkt. No. 222) to lift the stay in this case to resolve Samsung's pending Motion for Attorneys' Fees under 35 U.S.C. § 285 (Dkt. No. 192) and Samsung's Motion for Entry of Bill of Costs pursuant to 29 U.S.C. § 1920 (Dkt. No. 196). With the appeal that justified the Court's stay now resolved, the Court hereby LIFTS the stay to resolve the parties' remaining disputes. Having reviewed the parties' written submissions on Samsung's pending Motions, the Court will **DENY** Samsung's Motion for Attorneys' Fees and will **GRANT-IN-PART** and **DENY-IN-PART** Samsung's Motion for Entry of Bill of Costs.

## I. SAMSUNG'S MOTION FOR ATTORNEYS' FEES

Samsung requests over $2 million in attorneys' fees because DSS advanced an allegedly-meritless claim construction position. After careful consideration, the Court finds that DSS's position does not justify attorneys' fees.

### A. BACKGROUND

In March 2014, DSS filed suit against Samsung and a number of other Defendants, accusing the Defendants of infringing U.S. Patent No. 5,652,084 ("the '084 Patent"). Dkt. 1 ¶¶ 31, 33. The '084 Patent relates to a double-patterning lithography process for manufacturing semiconductors. *See, e.g.*, '084 Patent, Fig. 1. Independent Claim 1 recites the following method:

> 1. A lithography method for semiconductor fabrication using a semiconductor wafer, comprising the steps of:
> (a) forming a first imaging layer over the semiconductor wafer;
> (b) **patterning the** first **imaging layer** in accordance with a first pattern **to form a** first **patterned layer** having a first feature;
> (c) stabilizing the first patterned layer;
> (d) forming a second imaging layer over the first pattern layer; and
> (e) **patterning** the second **imaging layer** in accordance with a second pattern **to form a** second **patterned layer** having a second feature distinct from the first feature, wherein the second patterned layer and the first patterned layer form a single patterned layer, and wherein the first and second features which are formed relatively closer to one another than is possible through a single exposure to radiation.

The bolded claim language forms the basis for Samsung's request for attorneys' fees. The parties agreed during claim construction that "patterning" refers to a process in which the imaging layer is exposed to radiation and then developed to form "patterned portions and spaces of the imaging layer." *See* Dkt. No. 168 at 6. While agreeing on the patterning step, the parties disputed the meaning of "patterned layer." *Id.* at 7. Samsung insisted that the patterned layer included only imaging layer material that remained after the patterning step. *Id.* DSS argued that the patterned layer did not have to include only what was left of the imaging layer but rather

could include a sub-layer below the imaging layer that was etched into a pattern after the claimed patterning step. *Id.*

The Court agreed with Samsung and concluded that the patterned layer included imaging layer material left behind from the patterning step. *Id.* at 8-9. In light of this construction, the parties stipulated to a judgment of noninfringement. Dkt. 179 ¶ 5. DSS thereafter appealed to the Federal Circuit, and this Court stayed the case pending the outcome of that appeal. Dkt. No. 207.

After hearing oral argument, the Federal Circuit unanimously affirmed this Court's judgment in an unpublished opinion released March 22, 2016. *DSS Tech. Mgmt., Inc. v. Taiwan Semiconductor Mfg. Co.*, 642 F. App'x 1006, 1009 (Fed. Cir. 2016). Shortly after the Federal Circuit's mandate issued, the parties filed a Joint Status Report requesting that the Court's stay be lifted to address Samsung's pending Motion for Attorneys' Fees and its Motion for Entry of Bill of Costs.

## B. DISCUSSION

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (concerning both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1757; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014). "After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d

3

1448, 1460 (Fed. Cir. 1998) (citations omitted). A party must prove entitlement to attorney fees by a preponderance of the evidence. *Octane Fitness*, 134 S. Ct. at 1758.

The Federal Circuit acknowledged that *Octane Fitness* affords district courts wide discretion to evaluate attorney fee awards under § 285. *See Site Update Sols., LLC v. CBS Corp.*, 639 F. App'x 634 (Fed. Cir. 2016). Affirming a district court's denial of attorneys' fees, the Federal Circuit recognized that "the district court ruled from a position of great familiarity with the case and the conduct of the parties, and it determined that [the party's] tactical blunders and mistakes do not warrant fees under 35 U.S.C. § 285." *Id.* at 637. The Appeals Court characterized *Octane Fitness* discretion as follows:

> The new *Octane Fitness* standard for an exceptional case applies both ways: discretion is entitled to a district court's findings that § 285 attorney's fees are not applicable, as much as discretion is owed to findings that they are applicable. As the Supreme Court explained, matters of attorney's fees, and the effective contours illuminating this area, are committed to the sound discretion of the trial court.

*Id.*

With these principles in mind, the Court questions, as a preliminary matter, whether a party's position taken during claim construction—a practice characterized by the Supreme Court as "mongrel," *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 378, 388 (1996)—can ever by itself make a case exceptional under § 285. That question is for another day, however, because the Court finds that DSS's claim construction position does not come near the exceptionality threshold.

Samsung contends otherwise because DSS's position regarding the claimed "patterned layer" element (1) ignored the intrinsic evidence; (2) ignored testimony from DSS's own expert; and (3) was inconsistent with a claim construction position DSS took during parallel *inter partes* review proceedings. In its Supplemental Brief, Samsung makes the additional argument that the

Federal Circuit's unanimous affirmance of the Court's judgment weighs in favor of awarding attorneys' fees. The Court addresses each argument in turn.

1. The Intrinsic Evidence

Samsung is correct that Claim 1 of the '084 Patent suggests that the patterned layer results from the patterning step. The parties agreed that "patterning" means "exposing an imaging layer to radiation in accordance with a specific pattern and developing the imaging layer so that portions of the imaging layer laying outside of the pattern are dissolved in the developer, thereby forming patterned portions and spaces of the imaging layer." Dkt. No. 168 at 6. In light of the parties' stipulation, it is reasonable to assume that the patterned layer includes material left behind from the imaging layer because the imaging layer is the layer that is radiated and developed during the patterning step. As the Federal Circuit acknowledged on appeal, this claim language "points strongly" toward the construction adopted by this Court. *DSS Tech. Mgmt.*, 642 F. App'x at 1009.

The Federal Circuit also acknowledged that "[t]he specification's description of the patterning process supports [this Court's] understanding that the patterned layer is formed out of the same material as the imaging layer." *Id.* at 1010. The specification explains that the imaging layer is made of material sensitive to radiation. '084 Patent at 3:34-42. Once a patterned mask is placed over the imaging layer, the masked imaging layer is exposed to radiation. *Id.* at 3:65-66. The patterned mask blocks radiation such that only unmasked portions of the imaging layer are exposed. *Id.* at 3:54-64. The radiated imaging layer is then developed with solvent. *Id.* at 4:5-6. Developing solvent dissolves either exposed or masked portions of the imaging layer, depending on whether the imaging layer is positive- or negative-tone. *Id.* at 4:9-12; 6:56-59; 4:24-29. The

Federal Circuit explained that "[t]his description of the process is naturally read to be treating the 'patterned layer' as what remains of the imaging layer." *DSS Tech. Mgmt.*, 642 F. App'x at 1010.

Although DSS's position to the contrary was ultimately the losing one, the position was not so substantively weak or advanced in an unreasonable manner to justify classifying this case as "exceptional." *See Octane Fitness*, 134 S. Ct. at 1756. First, the claim language by itself supports DSS's position. Claim 1 recites "patterning [an] . . . imaging layer . . . to form a . . . patterned layer." This language does not unambiguously require that the patterned layer include only material remaining from the imaging layer. The claim does not, for example, define the "patterned layer" as "consisting of" imaging layer material. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331 (Fed. Cir. 2004) ("'Consisting of' is a term of patent convention meaning that the claimed invention contains only what is expressly set forth in the claim."). In addition, the "patterned layer" element is not modified by the term "imaging," e.g., the claim does not recite a "patterned imaging layer." This implies that the patterned and imaging layers are not necessarily "one and the same." *See Engle Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398, 1404-05 (Fed. Cir. 1996).

Second, DSS's position was supported by the doctrine of claim differentiation. Claim 1 recites a "patterned layer" formed after patterning the imaging layer, yet the claim does not unambiguously define the patterned layer as including only residual material from the imaging layer. Claims 4 and 5, by contrast, specify that the "patterning step" includes "developing the . . . imaging layer such that the exposed portion dissolves to form the . . . patterned layer." The specificity recited in Claims 4 and 5—compared with Claim 1's more general description—suggests that the "patterned layer" of Claim 1 does not necessarily consist exclusively of residual imaging layer material. *See InterDigital Commc'ns, LLC v. ITC*, 690 F.3d 1318, 1324-25 (Fed.

6

Cir. 2012). Although the intrinsic record as a whole led this Court to conclude otherwise,[1] DSS's position was far from exceptional.

## 2. DSS's Expert Testimony

Samsung contends that DSS's position was unreasonable because DSS's expert, Dr. Chris Mack, testified that the claimed "patterned layer" results from patterning the imaging layer and thus includes residual imaging layer material. Dkt. No. 192 at 6. Samsung highlights the relevant deposition testimony:

> Q. And by "pattern," do you mean you may have a -- a layer, the imaging layer, and you're taking pieces out of it and you end up with a patterned layer?
>
> A. Pattern and [sic Patterning an] imaging layer will mean, generally, the way you would interpret that on its face would be to remove some portions of the imaging layer, leaving some portions behind, and the pattern would be the combination of the **--** the full pattern would be the combination of the pieces remaining and what's removed to form a pattern.
>
> Within that pattern you'll have features, and those features could be a piece of photoresist or it could be a portion of the photoresist that has been removed.

*Id.* at 6 (citing Dkt. No. 192-8 at 137:9-138:2).

Contrary to Samsung's assertion, however, Dr. Mack's testimony does not foreclose DSS's claim construction position. Dr. Mack was never asked to render an opinion about the meaning of the term "patterned layer." Indeed, Dr. Mack made clear that he did not "have an opinion [on the issue] from a claim-construction perspective." Dkt. No. 192-8 at 137:1-2. The testimony Samsung highlights, while consistent with the specification's particular embodiments

---

[1] "[C]laim differentiation is 'not a hard and fast rule and will be overcome by a contrary construction dictated by the written description or prosecution history.'" *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1359 (Fed. Cir. 2012) (quoting *Seachange Int'l, Inc. v. C– COR, Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005)).

describing the "patterning" step, does not necessarily imply that Claim 1's "patterned layer" includes only residual imaging layer material.

More important, Samsung's counsel surprised Dr. Mack with the deposition question it now uses to justify a fee award. Before Dr. Mack's deposition, the parties agreed in writing to limit the deposition to the definiteness of an unrelated claim limitation. *See* Dkt. No. 200-6 at 2; *see also* Dkt. No. 192 at 136:21-25. Samsung's counsel nevertheless surprised Dr. Mack with questioning about the "patterned layer" limitation. Such tactics cannot justify fee shifting, no matter how successful.

### 3. DSS's Position Before the Patent Trial and Appeal Board

According to Samsung, DSS's claim construction position is inconsistent with the position it took in parallel proceedings before the Board during *inter partes* review proceedings. Dkt. No. 192 at 11-12. Samsung contends that "DSS proposed to the PTAB that 'patterning' in claim 1 means radiating and developing an imaging layer—such as photoresist—which 'thereby form[s] a patterned layer.'" *Id.* (quoting Patent Owner's Preliminary Response, Dkt. No. 192-5 at 11). Even accepting Samsung's characterization as true, however, DSS's proposed construction before the Board merely tracks Claim 1's language and does not necessarily imply that the "patterned layer" includes only residual imaging layer material.

### 4. The Federal Circuit's Affirmance

The balance of the parties' arguments relate to how the Federal Circuit treated DSS's appeal. Samsung contends that because the Federal Circuit unanimously affirmed the parties' stipulated judgment of non-infringement based on this Court's claim construction and explained how the Court's construction is consistent with the intrinsic record, a fees award is justified. Dkt. No. 224 at 2-3. DSS contends, on the other hand, that the Federal Circuit chose not to affirm the

Court's judgment without opinion as it could have done under Federal Circuit Rule 36 for a decision that would have no precedential value. Dkt. No. 230 at 1. The Court does not find the Federal Circuit's disposition indicative of whether DSS's position renders the case exceptional. The Appeals Court decided to issue a written opinion explaining its findings. Though unanimous and unpublished, the disposition is not relevant to whether a fees award under § 285 is justified. The Court therefore finds that Samsung has not met its burden of showing this case to be exceptional.

## II. SAMSUNG'S MOTION FOR ENTRY OF BILL OF COSTS

In its Motion for Entry of Bill of Costs, Samsung requests that the Court tax DSS for certain opposed and unopposed costs pursuant to 28 U.S.C. § 1920. The Court finds that the unopposed costs identified by Samsung are taxable, whereas the opposed costs are not.

### A. BACKGROUND

The Court's Final Judgment entered following the parties' stipulation of noninfringement specified that "Defendants are the prevailing party for purposes of recovering costs." Dkt. No. 183 at 2. On May 23, 2015, Samsung sent its proposed Bill of Costs to DSS's counsel pursuant to Local Rule CV-54(b)(1). After meeting and conferring, the parties agreed that $23,077.57 should be taxed against DSS. Dkt. No. 196 at 4. The agreed costs include fees for printed and electronically recorded transcripts, fees for exemplification and copying costs, and compensation of the Court's Technical Advisor. *Id.* at 4-5.

The parties could not agree on Samsung's request for an additional $12,841.08. *Id.* at 5-6. This additional sum includes translation costs, Samsung's contribution to the parties' joint technology tutorial, and Samsung's costs of adding digital Bates numbering to documents produced during discovery. *Id.* Unable to reach agreement, the parties submitted over 30 pages

of briefing and 16 exhibits to address this $12,000 dispute. *See* Dkt. No. 196 (Motion); Dkt. No. 204 (Response); Dkt. No. 210 (Reply); Dkt. No. 225 (Sur-Reply).

## B. DISCUSSION

Federal Rule of Civil Procedure 54(d) affords courts discretion to award costs to prevailing parties. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012). This discretion is bridled by 28 U.S.C. § 1920, which limits the types of costs a court can tax against an unsuccessful party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 permits only the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A district court may decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42, 107 S.Ct. 2494. "Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law." *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012).

### 1. Agreed Costs

Samsung itemizes a number of costs that the parties agree should be included in the Bill of Costs. Dkt. No. 196 at 4-6. Having reviewed these expenses, the Court finds that these costs taxable under § 1920.

2. Disputed Costs

*a) Translation Costs*

Samsung argues that it is entitled to recover the costs of translating two Japanese patents (the Oto and Yoshimura Patents) that are prior art to the patents-in-suit. Dkt. No. 196 at 6. Though DSS agrees that translation costs may be taxable—highlighting that it did not dispute translation costs for a Japanese patent that Samsung charted in its Invalidity Contentions—DSS contends that the Oto and Yoshimura translation costs are not taxable because Samsung never used these patents during the litigation for any purpose. Dkt. No. 204 at 5-6.

Although there is no specific statutory provision allowing for costs of translations, the Fifth Circuit has held that translation costs may be properly taxed under § 1920(4). *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). This provision allows for costs of exemplification papers "necessarily" obtained for use in trial. *Id.* "The proper standard for the award of translation costs should also be whether they were necessarily incurred." *Id.* The Court cannot grant translation costs "carte blanche" because a party "should not have to bear the cost of translating every . . . document irrespective of its value to the litigation." *Id.* "The court may, for example, choose to assess the cost of translating only titles and subtitles of . . . documents plus the cost of translations of those documents which, based upon their titles, appear to be relevant to the litigation." *Id.*

With this guidance in mind, the Court finds that Samsung has not sufficiently met its burden of demonstrating that the Oto and Yoshimura translation costs were necessarily incurred. While Samsung listed the Oto and Yoshimura Patents in its Invalidity Contentions as relevant to both the state of the art and whether the claimed invention would have been obvious, *see* Dkt. 204-8 at 13-14, the Court can discern nothing more about the contents of the patents. The fact

that Samsung never charted the patents in its Invalidity Contentions or otherwise used the patents during litigation is not dispositive. But Samsung failed to submit any other information about the Oto and Yoshimura Patents—such as their titles or information contained in their abstracts—that would assist the Court in determining whether the patents "appear to be relevant to the litigation." *See Studiengesellschaft*, 713 F.2d at 133. The Court cannot simply take Samsung's word that the Oto and Yoshimura Patents are relevant because they were listed alongside 125 other references in Samsung's Invalidity Contentions. The Court therefore finds that DSS should not be taxed for the cost of translating the Oto and Yoshimura Patents.

### b) Technology Tutorial Costs

Samsung argues that DSS should be taxed for Samsung's share of the cost of preparing a technology tutorial to assist the Court with claim construction. Dkt. No. 196 at 8. DSS contends, on the other hand, that Samsung has not sufficiently demonstrated that the technology tutorial costs were "necessarily obtained for use in the case." Dkt. No. 204 (quoting § 1920(4)).

In the Fifth Circuit, expenses for the production of non-testimonial evidence, such as photographs, maps, charts, graphs, and other demonstrative aids, may be taxable if the expenses were necessarily incurred. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir.), *cert. denied*, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995); *Studiengesellschaft*, 713 F.2d at 133.

According to Samsung, when the Court granted the parties' agreed motion to modify the Docket Control Order, *see* Dkt. No. 115 at 1, the Court ordered the parties to submit a technology tutorial, and thus Samsung's tutorial expenses were necessarily incurred. Dkt. No. 196 at 8. The Court, however, made no such Order. Consistent with the Court's original Docket Control Order, which permitted the parties to "Submit Technical Tutorials (if any)," Dkt. No. 72

at 3, the Court's modified Docket Control Order simply extended the deadline to submit any tutorials that the parties wished to submit, *see* Dkt. No. 115 at 1. The Court did not require a tutorial.

This case is therefore distinguishable from authority highlighted by Samsung in which a court in the Northern District of Texas taxed technical tutorial costs in light of the court's Docket Control Order, which stated, "Technology tutorials shall be due from both sides seven days prior to the *Markman* hearing." *See Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) (citing *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3–08–CV–0977–M, Dkt. No. 169 (Docket Control Order) at 4). This specific request, according to the district court, was "tantamount to [the] pretrial approval" required by the Fifth Circuit before taxing costs associated with non-testimonial evidence. *Id.* This Court's Docket Control Order does not contain such a mandatory request.

In addition, while *Fast Memory Erase* was perhaps rightly-decided at the time, it is less persuasive after *Taniguchi*, in which the Supreme Court took a more restrictive view of § 1920, explaining that "[t]axable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." 132 S. Ct. at 2006. The expenses Congress listed in § 1920—characterized by the Supreme Court as "relatively minor, incidental expenses"—are far from the expenses associated with Samsung's elaborate (and optional) tutorial that included complex animations and voice-over. The Court therefore finds that DSS should not be required to bear the cost of Samsung's share of the technology tutorial.

*c) Bates Numbering*

Finally, Samsung contends that DSS should be taxed for costs associated with stamping discovery documents with Bates numbers. Dkt. No. 196 at 8-9. According to Samsung, such costs are considered "costs of making copies" under § 1920(4) if the E-Discovery Order requires the parties to affix unique production numbers to documents. *Id.* (citing *MacroSolve, Inc. v. Antenna Software, Inc. et al.*, No. 6:11-cv-00287, Dkt. No. 572 at 5 (E.D. Tex. Oct. 16, 2014)). Thus, because the E-Discovery Order entered by the Court in this case requires that documents include unique numbering, *see* Dkt. No. 74 at 2, Samsung argues that Bates numbering costs are taxable.

The Court disagrees. Authority from this district persuades the Court that "[c]harges associated with electronic Bates labeling are not included in a Bill of Costs." *Juxtacomm-Texas Software LLC v. Axway, Inc.*, No. 6:10-cv-11-LED, Dkt. No. 1118 at 4 (E.D. Tex. Mar. 21, 2014) (citing *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 n.2 (E.D. Tex. 2012)). While "costs of making copies" under § 1920(4) may include the cost of converting a document to a format (such as TIFF or PDF) required by an E-Discovery Order, as a court in this district found in *MacroSolve*, *see* No. 6:11-cv-00287, Dkt. No. 572 at 5, stamping documents with unique numbering cannot be considered "making copies," regardless of the E-Discovery Order requirements. The Court does not understand *MacroSolve* to hold otherwise by allowing costs associated with converting documents to TIFF or PDF format. To the extent *MacroSolve* does hold otherwise, the Court disagrees that Bates numbering costs are allowable under § 1920(4). The Court therefore finds that Samsung's Bates numbering costs are not taxable.

## III. CONCLUSION

Samsung has not shown this case to be exceptional, and therefore Samsung's Motion for Attorneys' Fees under § 285 (Dkt. No. 192) is **DENIED**. Samsung's additional Motion for Entry of Bill of Costs (Dkt. No. 196) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Samsung's unopposed costs are taxable, but Samsung cannot recover any of the costs disputed by the parties. Samsung is therefore **ORDERED** to remove the disputed costs and resubmit to the clerk within seven days of this Order a Bill of Costs reflecting only the unopposed costs in the amount of $23,077.57.

**SIGNED this 12th day of October, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE